# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWENSON,<br><br>                         Plaintiff,<br><br>v.<br><br>JOHN KUEHNI and BLEND REALTY,<br><br>                        Defendants. | Case No.: 3:25-cv-01398-RBM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Doc. 2]**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) [Doc. 1]** |

      On June 2, 2025, Plaintiff Mary Swenson (Scott-Duren) ("Plaintiff") filed a Complaint for "loss of ID, substantive property rights, 63 year familial trafficking" against Defendants John Kuehni and Blend Realty.[1] (Doc. 1 at 1.) Regarding Defendant Blend Realty, Plaintiff alleges, "I had property in San Diego with 953 liens on 3810 Cadden Way, San Diego, CA 92117 on Mary Scott Living Trust my birthname opposed by Blend

---

[1] Plaintiff includes the Latin abbreviation "et al." in the caption of her Complaint but never specifically identifies the remaining defendants. The Court will proceed as if Defendants John Kuehni and Blend Realty are the only defendants named in this action.

Realty." (*Id.* at 2.)  Regarding Defendant John Kuehni, Plaintiff alleges, "Kuehni filed for default eviction, took $77k in sanction, $23k in fees and fines." (*Id.*)  Plaintiff then requests that the Court "[e]vict any and all criminal from any ownership by … Blend … fraud due to conversion." (*Id.* at 3.)  Plaintiff also requests that the Court "[r]emove fees, sanctions, fines due to larceny and remitteurs [sic] or appeals issued."[2] (*Id.*)

The same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Filing Fees or Costs ("IFP Application").  (Doc. 2.)  In her IFP Application, Plaintiff states that she does not have any source of income other than $1,750 in disability and $23 in food stamps.  (*Id.* at 1–2.)  Plaintiff also states that she has negative balances in her checking and savings accounts and that someone "stole all contents" of "both MN/CA home." (*Id.* at 2–3.)  Plaintiff states that she has two children that rely on her or her spouse for support and that she has $2,555 per month in monthly expenses.  (*Id.* at 4–5.)

Lastly, Plaintiff filed a letter directed to the "San Diego [] Clerk," which requests several "corrections" and "electronic file permission by the [C]ourt," (Doc. 3 at 1); a Request for Appointment of Counsel (Doc. 4); a "Motion to Correct and Restore ID with Property and TRO Dismissal" (Doc. 10); numerous notices (Docs. 5–8); and a Declaration of Service (Doc. 9).

For the reasons discussed below, Plaintiff's IFP Application (Doc. 2) is **GRANTED**, but Plaintiff's Complaint (Doc. 1) is **DISMISSED with leave to amend**.  Additionally, Plaintiff's requests for "corrections" and "electronic file permission by the [C]ourt" (Doc. 3 at 1); Plaintiff's Request for Appointment of Counsel (Doc. 4); and Plaintiff's "Motion to Correct and Restore ID with Property and TRO Dismissal" (Doc. 10) are **DENIED AS MOOT**.

## I.   DISCUSSION

A motion to proceed *in forma pauperis* ("IFP") presents two issues for the Court's

---

[2] Plaintiff's remaining allegations do not concern Defendant John Kuehni or Defendant Blend Realty.

consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[3] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security." S.D. Cal. Civ. R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each issue in turn.

## A. Plaintiff's IFP Application

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based

---

[3] In addition to the $350 statutory fee, civil litigants typically must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed [IFP] in civil cases is within the sound discretion of the district court.").

Here, Plaintiff's monthly expenses ($2,555) exceed her monthly income ($1,773). (Doc. 2 at 12, 4–5.) Plaintiff also has a net negative balance in her checking and savings account. (*Id.* at 2.) Accordingly, the Court is persuaded that Plaintiff cannot pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citation omitted). The Court therefore exercises its broad discretion and **GRANTS** Plaintiff's IFP Application. *See Cal. Men's Colony*, 939 F.2d at 858 (requiring that district courts exercise their "sound discretion").

**B.    Screening Under 28 U.S.C. § 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**1.    Failure to State a Claim**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[O]ur 'obligation' remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th

1  Cir. 1985)).  However, the Court may not "supply essential elements of claims that were
2  not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th
3  Cir. 1982).

4       Regarding Defendant Blend Realty, Plaintiff alleges she "had property in San Diego
5  with 953 liens on 3810 Cadden Way, San Diego, CA 92117 on Mary Scott Living Trust
6  my birthname opposed by Blend Realty."  (Doc. 1 at 2.)  While Plaintiff seemingly
7  indicates a dispute with Blend Realty regarding the property at 3810 Cadden Way, San
8  Diego, CA 92117, the Court cannot infer the nature of the dispute or any specific claim
9  against Blend Realty from this allegation alone.  Accordingly, Plaintiff has not stated "a
10 claim to relief that is plausible on its face" against Defendant Blend Realty.  *See Ashcroft*,
11 556 U.S. at 678.

12       Similarly, Plaintiff alleges that Defendant John Kuehni "filed for default eviction,
13 took $77k in sanction, $23k in fees and fines."  (Doc. 1 at 2.)  As before, the Court cannot
14 infer the nature of Plaintiff's dispute with Defendant John Kuehni or identify any specific
15 claim against Defendant John Kuehni from this allegation alone.  Further, to the extent that
16 Plaintiff wishes to challenge prior eviction proceedings, the Court is concerned that it does
17 not have subject matter jurisdiction over any such dispute.  *See Quitiquit v. Robinson*
18 *Rancheria Citizens Bus. Council*, No. C 11-0983 PJH, 2011 WL 2607172, at *8 (N.D. Cal.
19 July 1, 2011) (finding that an eviction or unlawful detainer action is a civil action brought
20 pursuant to state law and does not provide a basis for federal subject matter jurisdiction).
21 Accordingly, Plaintiff has not stated "a claim to relief that is plausible on its face" against
22 Defendant John Kuehni.  *See Ashcroft*, 556 U.S. at 678.

### II.  CONCLUSION

24 Based on the foregoing, Plaintiff's IFP Application (Doc. 2) is **GRANTED**, but
25 Plaintiff's Complaint (Doc. 1) is **DISMISSED with leave to amend**.  Plaintiff may file an
26 amended Complaint on or before **August 6, 2025**.  If Plaintiff declines to file an amended
27 Complaint, her case will be closed.  Additionally, Plaintiff's requests for "corrections" and
28 "electronic file permission by the [C]ourt" (Doc. 3 at 1); Plaintiff's Request for

Appointment of Counsel (Doc. 4); and Plaintiff's "Motion to Correct and Restore ID with Property and TRO Dismissal" (Doc. 10) are **DENIED AS MOOT**.  *See e.g.*, *Dudash v. Ulloa*, Case No.: 3:25-cv-1269-CAB-BLM, 2025 WL 1663395, at *2 (S.D. Cal. June 11, 2025) (denying a pro se plaintiff's motion for leave to electronically file documents as moot upon the dismissal of his complaint).  Plaintiff may re-file these motions with any amended Complaint.  However, Plaintiff is cautioned that all filings must comply with the Federal Rules of Civil Procedure, the Southern District of California's Local Rules, and this Court's Chambers Rules.

**IT IS SO ORDERED.**

DATE:  July 10, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE