# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY SWENSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN KUEHNI and BLEND REALTY,<br><br>　　　　　　　　　Defendants. | Case No.: 3:25-cv-01398-RBM-MSB<br><br>**ORDER:**<br><br>**(1) SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) [Doc. 13]**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO REINSTATE DISMISSED MOTIONS [Doc. 14]** |

Pending before the Court is *pro se* Plaintiff Mary Swenson's ("Plaintiff") Motion to Reinstate Dismissed Motions. (Doc. 14.) The filing makes several requests: (1) "fee waiver for amendment and corrective rule 60 divorce;" (2) "demand for ID documents and records unsealed;" (3) "there has been no discovery since Jan 2021 despite multiple requests;" (4) "Plaintiff seeks permission to electronically file + access to PACER system for due process;" (5) "[counsel] requested due to the disability caused and the 753 liens attached to my trust and person;" and (6) "Judge Montenegro should remove herself. She is clearly biased. Again, no protection from TRO extortion or financial death." (*Id.* at 2.)

The Court construes these requests as a Motion to Electronically File Documents ("E-file Motion"); a Motion to Appoint Counsel; and a Motion to Recuse. For the reasons

set forth below, Plaintiff's Amended Complaint ("Amended Complaint") (Doc. 13)[1] is **DISMISSED with leave to amend**; Plaintiff's Motion to Recuse is **DENIED**; and Plaintiff's E-file Motion and Motion to Appoint Counsel are **DENIED AS MOOT**.

## I.    BACKGROUND

Plaintiff filed her original Complaint on June 2, 2025 claiming "loss of ID, substantive property rights, 63 year familial trafficking" against Defendants John Kuehni and Blend Realty. (Doc. 1 at 1.) Against Defendant Blend Realty, Plaintiff alleged, "I had property in San Diego with 953 liens on 3810 Cadden Way, San Diego, CA 92117 on Mary Scott Living Trust my birthname opposed by Blend Realty." (*Id.* at 2.) Against Defendant John Kuehni, Plaintiff alleged, "Kuehni filed for default eviction, took $77k in sanction, $23k in fees and fines." (*Id.*) The same day, Plaintiff filed an *in forma pauperis* ("IFP") Application stating that: she does not have any source of income other than $1,750 in disability and $23 in food stamps; she has negative balances in her checking and savings accounts and that someone "stole all contents" of "both MN/CA home;" and she has two children that rely on her or her spouse for support and that she has $2,555 per month in monthly expenses. (*Id.* at 1–5.) The Court granted Plaintiff's IFP Application and screened the original Complaint pursuant to 28 U.S.C. § 1915. (Doc. 11.) The Court dismissed the original Complaint with leave to amend because it failed to state a claim on which relief

---

[1] Plaintiff filed another document titled "Amended Complaint" on November 18, 2025. (Doc. 17.) It contains a number of exhibits including a document purportedly granting power of attorney to John Kuehni for Violet Ruhland (*id.* at 2–4, 8–10), a document purportedly granting power of attorney to Anne Orth for Plaintiff (*id.* at 6–7), and a Notice of Failure to Clear Default filed on May 30, 2023 in the Superior Court of California, County of San Diego. (*Id.* at 5.) "A party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff has already amended her complaint (*see* Doc. 13) and has not moved the Court for leave to amend again, Doc. 17 is improper. As discussed below, the Court will grant Plaintiff one final opportunity to file an amended complaint that is complete in itself, without reference to prior complaints.

may be granted. (*Id.* at 5.)

Plaintiff filed the 126-page Amended Complaint on August 12, 2025. (Doc. 13.) The Amended Complaint lists the Plaintiffs as "Mary Swenson, Daniel + Laura," and lists the Defendants as "John Kuehni, Susan Ivanscheck, Dothseth, and Cathi Kim / RDRE." (*Id.* at 1.) The Amended Complaint alleges RICO violations under 18 U.S.C. § 1962. (*Id.*) The specific allegations include: "familial trafficking – 3 infants . . . trust conversion MN., OR., CA., AZ. . . identity theft 1963 . . . ongoing social security fraud . . . 50+ years mail laundering and theft.  Impersonation.  Trust is irrevocable converted to series of quitclaim deeds. . . . unlawful eviction . . . cyber harassment / stalking . . . IP theft . . . sex, labor, domestic servitude . . . obstruction by property theft . . . Minnesota Pipeline by step-family . . . ID stolen in CA by mother. . . .  Baby + trust racketeering ends in death, asset/person procurement . . . medical malpractice + divorce, pending TRO . . . fraud on the Court." (*Id.* at 1–9.)  The Amended Complaint also includes many other attachments, such as: a minute order from a hearing on a restraining order in San Diego County Superior Court (*id.* at 23); a decree of adoption from Juvenile Court in the State of Minnesota (*id.* at 26); a "List of address and their APN #'s for 3810 Caden SD" spanning 15 pages of hard-to-discern text (*id.* at 30–45); a complaint brought in San Diego County Superior Court by a different party on April 2, 2021 (*id.* at 45–50); and a Motion to Correct Jurisdiction on Minnesota Divorce Default Ruling addressed to this Court but also stating it is from "the 10th District Court, County of Anoka, Mn" (*id.* at 68).

The Motion to Correct Jurisdiction on Minnesota Divorce Default Ruling is styled as a "Rule 60 Motion," but it merely expands upon the disjointed allegations:

> Interpersonal Violence is closely related to the economic extortion and familial family identity theft and trafficking children and adults experience when domestic abuse occurs.  Victims or rather, survivors are subjugated to the will and often up against and entire family system that perpetuates generationally for monetary advantage. . . .  This has been a money mule mail scheme for 65 years.  The lack of discovery and the taking of original documents, as well as [evidentiary] items indicates money laundering by the family, business theft, deception, character assassination, slander, [libel] and

> associated defamation and perjury in court to obtain an objective or to foster interests in one or more of the trusts associated with 3810 Cadden Way SD, CA 92117 and the Scott family Trust assets and parcels. . . . There were other charges attempted in San Diego that were dismissed by the Real Estate Trafficking Arm via attorneys engaged in RICO however, the TRO issued is barring the grantor who was frauded (Petitioner), her children Daniel and Laura Swenson, as well as the interests of another potential heir Mark Duren aka Donal Joseph Scott Jr. adopted as David Hudson, to hide property in Oregon on adoption. . . . The adultery statute in Minnesota for jurisdictional tampering and is improper as well as discriminatory, Petitioner was subjected to malpractice during a displacement in a converted divorce process.

(*Id.* at 70–72.)

## II.  DISCUSSION

### A.  Screening Under 28 U.S.C. § 1915(e)

Plaintiff was previously granted leave to proceed IFP. (Doc. 11 at 3–4.) Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.") Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). *Pro se* pleadings must be liberally construed. *Ivey v. Bd. of Regents*

*of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  However, the Court may not "supply essential elements of claims that were not initially pled." *Id.* at 268.  Nor may the Court accept as true unreasonable inferences or conclusory legal conclusions cast in the form of factual allegations.  *Iqbal*, 556 U.S. at 678.

"By any measure, Plaintiff's complaint fails to contain 'a short and plain statement' of either the grounds for the court's jurisdiction or Plaintiff's claim for relief.  Plaintiff's [126-page Amended Complaint] is rambling, disjointed, nearly impossible to follow, and rife with legal conclusions." *De La Hoz v. Gov't of the United States*, CASE NO. C18-1370JLR, 2018 WL 4773407, at *4 (W.D. Wash. Oct. 3, 2018).  As it previously indicated, "the Court cannot infer the nature of the dispute or any specific claim" against any of the Defendants.  (Doc. 11 at 5.)   Additionally, because Plaintiff appears to challenge prior eviction and family law proceedings, the Court is concerned it also lacks subject matter jurisdiction over those causes of action.  Plaintiff has not stated "a claim to relief that is plausible on its face" against any of the Defendants.  *See Iqbal*, 556 U.S. at 678.

**B.   Motion to Recuse**

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (citation omitted).  Plaintiff states only that the undersigned "should remove herself.  She is clearly biased.  Again, no protection from TRO extortion or financial death." (Doc. 14 at 2.)  To the extent Plaintiff argues that recusal is necessary because of the undersigned's previous Order, "prior rulings in the proceeding, or another proceeding, solely because they were adverse are not ordinarily sufficient to require recusal." *In re Golden*, Case No.: 22-CV-1234-TWR (NLS), 2022 WL 17419388, at *5 (S.D. Cal. Oct. 31, 2022) (cleaned up) (quoting *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178–79 (9th Cir. 2005)).  To the extent Plaintiff argues that recusal is necessary for another reason, she has not made that reason known.  The Motion to Recuse is **DENIED**.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED with leave to amend**. Plaintiff may file a second amended complaint on or before **January 9, 2026**. The second amended complaint must cure the deficiencies discussed above by providing a short and plain statement of both the basis for the Court's subject matter jurisdiction and Plaintiff's entitlement to relief. Plaintiff is cautioned that if she chooses not to file a second amended complaint, or if the second amended complaint does not cure the pleading deficiencies, her claims will be dismissed with prejudice and without further leave to amend.

Additionally, Plaintiff's E-file Motion and Motion to Appoint Counsel (Doc. 14) are **DENIED AS MOOT**. *See Dudash v. Ulloa*, Case No.: 3:25-cv-1269-CAB-BLM, 2025 WL 1663395, at *2 (S.D. Cal. June 11, 2025) (denying a *pro se* plaintiff's motion for leave to electronically file documents as moot upon dismissal of his complaint).

**IT IS SO ORDERED.**

DATE: December 5, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE