**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARY SWENSON,

                      Plaintiff,

v.

JOHN KUEHNI; BLEND REALTY,

                      Defendants.

Case No.:  3:25-cv-01398-RBM-MSB

**ORDER DISMISSING CASE WITH PREJUDICE**

**[Docs. 20, 21]**

## I.      BACKGROUND

Plaintiff Mary Swenson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed her original Complaint on June 2, 2025, claiming "loss of ID, substantive property rights, 63 year familial trafficking" against Defendants John Kuehni and Blend Realty.  (Doc. 1 at 1.)  On July 10, 2025, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), finding that the Complaint did not state a claim for relief that was plausible on its face against either Defendant.  (Doc. 11 at 4–5.)  The Court dismissed the Complaint with leave to amend.  (*Id.* at 6.)

Plaintiff filed an Amended Complaint on August 12, 2025, maintaining the same claims as the original Complaint but also adding several more Defendants and a series of RICO violations.  (Doc. 13.)  On December 5, 2025, the Court screened Plaintiff's Amended Complaint pursuant to § 1915(e), again finding that the Amended Complaint did

1

not state a claim for relief that was plausible on its face.  (Doc. 18 at 4–5 (noting that the Amended Complaint 'is rambling, disjointed, nearly impossible to follow, and rife with legal conclusions'") (quoting *De La Hoz v. Gov't of the United States*, CASE NO. C18-1370JLR, 2018 WL 4773407, at *4 (W.D. Wash. Oct. 3, 2018)).)  The Court dismissed the Amended Complaint with leave to amend on or before January 9, 2026, cautioning Plaintiff that "if she chooses not to file a second amended complaint, or if the second amended complaint does not cure the pleading deficiencies, her claims will be dismissed with prejudice and without further leave to amend."  (*Id.* at 6.)

As of March 31, 2026, Plaintiff has not filed a second amended complaint.  Instead, on December 16, 2025 and January 8, 2026, respectively, Plaintiff filed a "Motion for Release of ID" (Doc. 20) and "Motion for Service" (Doc. 21).  Neither of these filings cure the pleading deficiencies previously identified by the Court.  Accordingly, and for the reasons below, the Court **DISMISSES with prejudice** this action.

## II.    DISCUSSION

A district court may dismiss a plaintiff's action for her failure to prosecute or her failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (affirming district court's dismissal with prejudice after the petitioner's failure to file a first amended petition); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  Before dismissing the action under Rule 41(b), courts must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642.

These factors favor dismissal here.  First, Plaintiff has now missed her deadline to file a second amended complaint by nearly three months.  *See id.* at 642 (noting that the "public's interest in expeditious resolution of litigation always favors dismissal").  Second, the Court must be able to manage its docket.  This action was commenced in June 2025 and, since then, the Court has reviewed Plaintiff's voluminous filings and twice dismissed

2

her complaints on screening. Currently, there is no operative complaint. *See id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."); *Moralez v. City of Fresno*, No. CV F 06-0224 AWI SMS, 2006 WL 2085036, at *2 (E.D. Cal. July 25, 2006) (dismissing case with prejudice because, among other reasons, "[t]he court cannot manage its docket if it maintains cases in which Plaintiffs fail to keep an operative complaint on file by filing an amended complaint") (cleaned up). Third, the risk of prejudice to Defendants is neutral at this early stage of the litigation. Fourth, the Court has twice granted Plaintiff leave to amend her complaint and explicitly cautioned her the second time that failing to cure the pleading deficiencies would result in dismissal with prejudice. *See Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The district court considered and employed less drastic action in allowing [the plaintiff] to file his First Amended Complaint."). Fifth, the public policy favoring disposition on the merits weighs against dismissal, but is outweighed by the first, second, and fourth factors, which heavily favor dismissal.

## III. CONCLUSION

Therefore, the Court finds it appropriate to dismiss this action for Plaintiff's failure to comply with the Court's orders. The Court **DISMISSES with prejudice** this action. Accordingly, Plaintiff's Motion for Release of ID (Doc. 20) and Motion for Service (Doc. 21) are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: April 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-01398-RBM-MSB